UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NDUMIBAMA MOONGA,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>Defendants. | No.  1:25-cv-01478-JLT-EPG<br><br>SCREENING ORDER<br><br>ORDER FOR PLAINTIFF TO:<br><br>(1) FILE A FIRST AMENDED COMPLAINT; OR<br><br>(2) NOTIFY THE COURT THAT HE WISHES TO STAND ON HIS COMPLAINT<br><br>(ECF NO. 1)<br><br>THIRTY-DAY DEADLINE |

Plaintiff Ndumibama Moonga ("Plaintiff") is proceeding *pro se* and *in forma pauperis*. Plaintiff filed the Complaint commencing this action on November 3, 2025. (ECF No. 1).

Plaintiff's Complaint is 77 pages long.  It asserts 13 causes of action against six named defendants and ten Doe defendants.  Plaintiff appears to assert that Defendants improperly repudiated Article III powers and appropriated federal powers from the federal courts and Congress.

The Court finds that the complaint fails to state any cognizable claims because it violates the Federal Rules of Civil Procedure including Rule 8(a) requiring "a short and plain statement of the claim showing that the pleader is entitled to relief."

After Plaintiff reviews this order, Plaintiff can decide to file an amended complaint, which

1

the Court will screen in due course. If Plaintiff chooses to file an amended complaint, it must be **no longer than twenty pages**, including exhibits.

Plaintiff can also notify the Court that he wants to stand on his complaint, in which case this Court will issue findings and recommendations to the district judge assigned to the case recommending that Plaintiff's first amended complaint be dismissed for the reasons in this order. If Plaintiff does not file anything, the Court will recommend that the case be dismissed.

## I.    SCREENING REQUIREMENT

As Plaintiff is proceeding *in forma pauperis*, the Court screens this complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.    PLAINTIFF'S COMPLAINT

Plaintiff filed his complaint on November 3, 2025 (ECF No. 1). Plaintiff's complaint is 77 pages long and asserts 13 causes of action, including a violation of the Supremacy Clause, Article III "bypass," "usurpation of Congress's Dormant National Role," violations of sovereign immunity, and other claims. Plaintiff names six defendants, including the State of California, in addition to 10 Doe Defendants to be substituted later with their true identities.

Plaintiff's Complaint begins with an "Introduction/Preliminary Statement" section in which he claims

> In August-September 2025, California's highest officials twice repudiated Article III adjudication and appropriated powers belonging to: (i) the Supreme Court (exclusive original forum for controversies "between two or more States"); (ii) Congress (Elections Clause standards); and (iii) Article III district courts/the federal executive (quasi-sovereign disputes). Simultaneously, they asserted oversight over all 49 sister States' Art. I, § 4 prerogatives-"nullify ... **in Texas or any state"** (Ex. A)-and enacted SB 627 to command federal and out of state law enforcement officers-""-in their official duties (Ex. D). (Exs. A-D.)
>
> These are admissions under FRE 801(d)(2) and direct evidence of official purpose under Village of Arlington Heights v. Metropolitan Hous. Dev. Corp., 429 U.S. 252, 267-68 (1977). With New Hampshire v. Maine estoppel and the Attorney General's adoptive admissions, Defendants are bound by these positions. Sovereign immunity in federal courts is a judicial courtesy grounded in coequal dignity, equal footing, and comity-not an unmoored shield. Hans; Alden; Hyatt;

Coyle; Pollard.

Because expulsion from the Union is off the table (Texas v. White, 74 U.S. (7 Wall.) 700 (1869)), the calibrated remedy is: (a) declare the measures **void ab initio** (Norton); (b) PERMANENT forfeiture of Eleventh Amendment immunity in the courts of the United States; (c) prophylactic Ex parte Young injunctions; and (d} declaratory allocation confirming the federal forums and powers (Rucho; Art. 111; 28 U.S.C. § 1251(a}-(b}}.

(ECF No. 1 at 4) (paragraph numbering omitted).

Plaintiff's complaint then continues with more than 372 numbered paragraphs. Plaintiff's complaint references case law, constitutional provisions, statutes, various rules, "doctrinal sources," and "authorities by issue." (*Id.* at 64-68).

## III.    LEGAL STANDARDS

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc*., 572 F.3d 677, 681 (9th Cir. 2009) (citation and quotation marks omitted). The complaint must also contain "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Moreover, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77.

Rule 8 of the Federal Rules of Civil Procedure requires complaints to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The rule also provides that "[e]ach allegation must be simple, concise, and direct." *Id.* at 8(d)(1). Additionally, complaints that are needlessly long, highly repetitious, or conclusory violate Rule 8

3

and may be dismissed. *Gibson v. City of Portland,* 165 F.4th 1265, 1289 (9th Cir. 2026) ("district courts do not have to accept such shotgun pleadings. It is not the job of the district courts to make sense of the pleading, to supply facts to support the claim, or to imagine the claims that might fit the facts"); *Cafasso v. Gen. Dynamics C4 Sys, Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (*citing McHenry v. Renne*, 84 F.3d 1172, 1177-80 (9th Cir. 1996) (upholding a Rule 8(a) dismissal of a complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"); *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 415 (9th Cir. 1985) (upholding a Rule 8(a) dismissal of a complaint that "exceeded 70 pages in length, [and was] confusing and conclusory")).

## IV.    ANALYSIS

The Court finds that Plaintiff's Complaint violates Rule 8(a) because the complaint does not contain a short and plain statement of the claim showing that Plaintiff is entitled to relief.

Plaintiff's Complaint is over 75 pages long and contains numerous pages of definitions and legal arguments interspersed with factual allegations and conclusory statements. Plaintiff's allegations also improperly group all defendants together without making clear which individual defendants did the actions underlying Plaintiff's claims. Additionally, Plaintiff's complaint makes broad accusations that are at times difficult to comprehend.

Moreover, Plaintiff's entire complaint is replete with statements and claims that are "argumentative, prolix, replete with redundancy, and largely irrelevant." *McHenry,* 94 F.3d at 1177. For example, in a section Plaintiff has titled "Preamble," he claims, at length:

This case is not built upon novel theories, creative pleading, or speculative doctrines. It is built upon the State of California's own words and actions.

On September 2, 2025, California's Attorney General Banta on his official X (@AGRobBonta) account publicly amplified and endorsed a Northern District of California decision by quoting Judge Charles R. Breyer: **"Whether they believed that some constitutional or other exception applied does not matter; ignorance of the law is no excuse."** California touted that maxim as proof of its victory against the President of the United States.

Fifteen days later, on September 17, 2025, at 4:08 PM, Attorney General Banta again invoked foundational constitutional principles on the same official channe(@AGRobBonta on X)I: **"Separation of Powers. The Rule of Law. Our Constitution is the foundation of our nation. We can not-and will not-allow**

4

**anyone to trample on it."** That statement, made in his capacity as California's chief legal officer, affirms that the State itself regards separation of powers as inviolable.

Those public amplifications constitute adoptive admissions by a party-opponent under FRE 801(d)(2)(B). Having selected and broadcast those principles as the State's own legal position, Defendants are bound by them.

Judicial estoppel also applies. See New Hampshire v. Maine, 532 U.S. 742, 749 (2001) (preventing a party from prevailing on one position, then taking the opposite for tactical advantage). California cannot celebrate the Breyer maxim when it aids the State and then disclaim it when it binds the State.

By their adoption of the Breyer maxim and separation-of-powers refrain, Defendants have foreclosed defenses that this case might otherwise invite: (a) ignorance or mistake about constitutional allocations; (b) characterization as mere rhetoric; or (c) invocation of emergency or "imminent danger" to excuse ultra vires action. Defendants' own maxim is that "ignorance of the law is no excuse."

Against that backdrop, the record reflects official, post-act admissions and state action that cross multiple constitutional tripwires:

(a)   **Elections Clause-Art. 1,'§,4  (division of authority).** Each State controls its own congressional election rules; **only Congress** may impose national overrides. Rucho v. Common Cause, 139 S. Ct. 2484, 2506-07 (2019). California's Governor declared, **"we're giving voters a way to ... nullify congressional gains in Texas or any state"** (Ex. A, Aug. 14, 2025), and an Assembly leader stated, **"We must all continue to press Congress ... But until that occurs ... this measure."** (Ex. C, Aug. 2025). These are assertions to exercise Congress's dormant override and to supervise sister States' § 4 prerogatives.

(b)   **Supreme Court's Exclusive Original Jurisdiction-Art.** Ill, § **2; 28 U.S.C.** § **1251(a).** The Governor framed Texas's redistricting as an injury to California: **"They shot the first bullet. They took an action in Texas and we're responding to it."** (Ex. B, Aug. 21, 2025). That is an interstate controversy reserved to the Supreme Court. California did not seek leave there, but instead self-helped.

(c)   **War Clause/Imminent Danger Framing-Art.** I, § **10, cl. 3.** The "shot the first bullet" formulation is the vocabulary of "imminent danger that will not admit of delay." No State may invoke that framing against a sister State's lawful § 4 act while bypassing the Supreme Court's original forum.

**Independently of preemption or intergovernmental-immunity, SB 627 invades Congress's capstone power** to "make all Laws which shall be necessary and proper for carrying into Execution ... all other Powers vested ... in any Department or Officer of the United States." U.S. Const. art. I, § 8, cl. 18. What the Constitution **delegates** to the United States is **not reserved** to the States.

U.S. Const. amend. X. Because ICE sits within a federal Department and its agents are federal officers, only **Congress** may legislate the manner of their official duties and attire; California has **no concurrent** lawmaking authority in that field at all. SB 627's own official signing release confirms the target: it **"bans federal and local law**

5

**enforcement, including ICE, from wearing ski masks and similar extreme masks,"** and **"requires officers to display their faces ... when** ... **conducting raids or engaging in other official duties."** (Ex. D, Sept. 20, 2025).

Additional tripwires include:

(d) **Equal Footing, Comity, and Full Faith & Credit.** Treating a sister State's internal § 4 choices as an injury to California repudiates horizontal comity and the equal-footing doctrine that undergird Hans v. Louisiana, 134 U.S. 1 (1890); Alden v. Maine, 527 U.S. 706 (1999); Franchise Tax Bd. v. Hyatt, 139 S. Ct. 1485 (2019); Coyle v. Smith, 221 U.S. 559 (1911); Lessee of Pollard v. Hagan, 44 U.S. (3 How.)212 (1845).

(e) **Rucho Baseline (Non-justiciability).** California claimed for itself the very power Rucho denies to any federal court-policing partisan gerrymandering nationwide-and did so outside the channels the Constitution provides.

(f) **Texas v. Pennsylvania (standing).** The Court rejected any judicially cognizable State interest in how another State conducts its elections. 592 U.S. _ (Dec. 11, 2020) (order). California nevertheless claimed Texas's internal maps **"will disenfranchise Californians"** (Ex. C) while declining to seek leave in the Supreme Court.

Acts taken without constitutional authority are **void ab initio.** Norton v. Shelby County, 118 U.S. 425, 442-:--43 (1886). The same conduct destroys the predicates of any claim to sovereign immunity in federal court-coequal dignity, equal footing, comity, and fidelity to Article Ill as referee-and warrants PERMANENT forfeiture of Eleventh Amendment immunity in the courts of the United States.

Any analysis sounding in **preemption or intergovernmental immunity** is, at best, an **alternative** ground. Those doctrines presuppose some state regulatory foothold. Here, Article I, § 8, cl. 18 forecloses **any** state foothold ab initio. SB 627 is therefore **ultra vires even before** one reaches intergovernmental-immunity or preemption.

Plaintiff proceeds, therefore, on California's chosen ground. The State's maxim-"ignorance of the law is no excuse"-strips away its defenses. The controversy the State admitted-a "fight" with Texas that it says **"will disenfranchise Californians"** (Ex. C)-strips away its jurisdiction. What remains is straightforward: ultra vires action, void ab initio, repeated in a pattern that warrants declaratory, injunctive, and permanent sovereign-immunity forfeiture relief commensurate with the structural violations pied.

(ECF No. 1 at 2-4) (internal paragraph numbering omitted).

The rest of Plaintiff's complaint is similar in tone to this "Preamble" section. Rather than set out clearly what facts support what claims, Plaintiff's complaint is a combination individual paragraphs containing quotes from Twitter accounts of various individuals, including President Donald Trump, interspersed with case law, various constitutional

provisions, and argumentative and conclusory statements.

In conclusion, Plaintiff's Complaint is subject to dismissal for not containing a short and plain statement of the claim as required by Rule 8.

As described below, the Court will allow Plaintiff to file an amended complaint. However, Plaintiff's amended complaint will be limited 20 pages and must include a short and plain statement of the claim showing that the pleader is entitled to relief.

## V.    CONCLUSION AND ORDER

The Court has screened Plaintiff's Complaint and finds that it fails to state any cognizable claim because it fails to comply with the Federal Rule of Civil Procedure 8.

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "the court should freely give leave [to amend] when justice so requires." Accordingly, Plaintiff is granted leave to file an amended complaint within thirty days. However, any amended complaint must be **no longer than twenty pages**, including exhibits.

Plaintiff is advised that an amended complaint supersedes the original complaint, *Lacey v. Maricopa County*, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and it must be complete in itself without reference to the prior or superseded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," and refer to the appropriate case number.

Based on the foregoing, it is **HEREBY ORDERED** that:

1.    Within **thirty (30) days** from the date of service of this order, Plaintiff shall either:

    a.    File a First Amended Complaint; or

    b.    Notify the Court in writing that he wants to stand on his First Amended Complaint.

2.    If Plaintiff chooses to file an amended complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to case number 1:25-cv-01478-JLT-EPG.

3.      If Plaintiff chooses to file a first amended complaint, that must be **no longer than twenty pages**, including exhibits.

4.      Failure to comply with this order may result in the dismissal of this action.

IT IS SO ORDERED.

Dated:   **February 26, 2026**                    /s/ Erica P. Grosjean
                                                     UNITED STATES MAGISTRATE JUDGE