UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NDUMIBAMA MOONGA,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>Defendants. | No.  1:25-cv-01478-JLT-EPG<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS THIS ACTION FOR FAILURE TO STATE A CLAIM<br><br>(ECF Nos. 1, 20, 21)<br><br>THIRTY-DAY DEADLINE |

Plaintiff Ndumibama Moonga ("Plaintiff") is proceeding *pro se* and *in forma pauperis*. (ECF No. 8). Plaintiff filed the Complaint commencing this action on November 3, 2025. (ECF No. 1). Plaintiff's Complaint is 77 pages long.  It asserts 13 causes of action against six named defendants and ten Doe defendants.  Plaintiff claims that Defendants improperly repudiated Article III powers and appropriated federal powers from the federal courts and Congress.

On February 27, 2026, the Court screened Plaintiff's complaint and found that it failed to state any cognizable claims because it violated the Federal Rules of Civil Procedure including Rule 8(a) requiring "a short and plain statement of the claim showing that the pleader is entitled to relief." (ECF No. 20). The Court provided Plaintiff with applicable legal standards, explained why the complaint failed to state any cognizable claims, and gave Plaintiff thirty days to either file a first amended complaint or notify the Court in writing that he wanted to stand on his complaint. (*Id.* at 2, 7). Additionally, the Court limited Plaintiff's amended complaint to no longer than twenty pages, including exhibits. (*Id.* at 2).

On March 23, 2026, Plaintiff filed a document titled "Motion for Reconsideration of

1

Screening Order; Notice that Plaintiff stands on Complaint; Request to Vacate or Modify the Twenty Page Amendment Limit[1]." (ECF No. 21). For the reasons set forth below, the Court recommends that this action be dismissed for failure to state a claim.

## I.      SCREENING REQUIREMENT

As Plaintiff is proceeding *in forma pauperis*, the Court screens this complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.     PLAINTIFF'S COMPLAINT

Plaintiff filed his complaint on November 3, 2025 (ECF No. 1). Plaintiff's complaint is 77 pages long and asserts 13 causes of action, including a violation of the Supremacy Clause, Article III "bypass," "usurpation of Congress's Dormant National Role," violations of sovereign immunity, and other claims. Plaintiff names six defendants, including the State of California, in addition to 10 Doe Defendants to be substituted later with their true identities.

Plaintiff's Complaint begins with an "Introduction/Preliminary Statement" section in which he claims

> In August-September 2025, California's highest officials twice repudiated Article III adjudication and appropriated powers belonging to: (i) the Supreme Court (exclusive original forum for controversies "between two or more States"); (ii) Congress (Elections Clause standards); and (iii) Article III district courts/the federal executive (quasi-sovereign disputes). Simultaneously, they asserted oversight over all 49 sister States' Art. I, § 4 prerogatives-"nullify ... **in Texas or any state"** (Ex. A)-and enacted SB 627 to command federal and out of state law enforcement officers-'""-in their official duties (Ex. D). (Exs. A-D.)

> These are admissions under FRE 801(d)(2) and direct evidence of official purpose under Village of Arlington Heights v. Metropolitan Hous. Dev. Corp., 429 U.S. 252, 267-68 (1977). With New Hampshire v. Maine estoppel and the Attorney General's adoptive admissions, Defendants are bound by these positions. Sovereign immunity in federal courts is a judicial courtesy grounded in coequal dignity, equal footing, and comity-not an unmoored shield. Hans; Alden; Hyatt; Coyle; Pollard.

> Because expulsion from the Union is off the table (Texas v. White, 74 U.S. (7 Wall.)

---

[1] The Court considers this filing as a notice to stand on his complaint and proceeds accordingly.

700 (1869)), the calibrated remedy is: (a) declare the measures **void ab initio** (Norton); (b) PERMANENT forfeiture of Eleventh Amendment immunity in the courts of the United States; (c) prophylactic Ex parte Young injunctions; and (d} declaratory allocation confirming the federal forums and powers (Rucho; Art. 111; 28 U.S.C. § 1251(a}-(b}}.

(ECF No. 1 at 4) (paragraph numbering omitted).

Plaintiff's complaint then continues with more than 372 numbered paragraphs. Plaintiff's complaint references case law, constitutional provisions, statutes, various rules, "doctrinal sources," and "authorities by issue." (*Id.* at 64-68).

## III.    LEGAL STANDARDS

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc*., 572 F.3d 677, 681 (9th Cir. 2009) (citation and quotation marks omitted). The complaint must also contain "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Moreover, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77.

Rule 8 of the Federal Rules of Civil Procedure requires complaints to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The rule also provides that "[e]ach allegation must be simple, concise, and direct." *Id.* at 8(d)(1). Additionally, complaints that are needlessly long, highly repetitious, or conclusory violate Rule 8 and may be dismissed.  *Gibson v. City of Portland,* 165 F.4th 1265, 1289 (9th Cir. 2026) ("district courts do not have to accept such shotgun pleadings. It is not the job of the district

courts to make sense of the pleading, to supply facts to support the claim, or to imagine the claims that might fit the facts"); *Cafasso v. Gen. Dynamics C4 Sys, Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (*citing McHenry v. Renne*, 84 F.3d 1172, 1177-80 (9th Cir. 1996) (upholding a Rule 8(a) dismissal of a complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"); *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 415 (9th Cir. 1985) (upholding a Rule 8(a) dismissal of a complaint that "exceeded 70 pages in length, [and was] confusing and conclusory")).

## IV.  ANALYSIS

The Court finds that Plaintiff's Complaint violates Rule 8(a) because the complaint does not contain a short and plain statement of the claim showing that Plaintiff is entitled to relief.

Plaintiff's Complaint is over 75 pages long and contains numerous pages of definitions and legal arguments interspersed with factual allegations and conclusory statements. Plaintiff's allegations also improperly group all defendants together without making clear which individual defendants did the actions underlying Plaintiff's claims. Additionally, Plaintiff's complaint makes broad accusations that are at times difficult to comprehend.

Moreover, Plaintiff's entire complaint is replete with statements and claims that are "argumentative, prolix, replete with redundancy, and largely irrelevant." *McHenry,* 94 F.3d at 1177. For example, in a section Plaintiff has titled "Preamble," he claims, at length:

This case is not built upon novel theories, creative pleading, or speculative doctrines. It is built upon the State of California's own words and actions.

On September 2, 2025, California's Attorney General Banta on his official X (@AGRobBonta) account publicly amplified and endorsed a Northern District of California decision by quoting Judge Charles R. Breyer: **"Whether they believed that some constitutional or other exception applied does not matter; ignorance of the law is no excuse."** California touted that maxim as proof of its victory against the President of the United States.

Fifteen days later, on September 17, 2025, at 4:08 PM, Attorney General Banta again invoked foundational constitutional principles on the same official channe(@AGRobBonta on X)I: **"Separation of Powers. The Rule of Law. Our Constitution is the foundation of our nation. We can not-and will not-allow anyone to trample on it."** That statement, made in his capacity as California's chief legal officer, affirms that the State itself regards separation of powers as inviolable.

Those public amplifications constitute adoptive admissions by a party-opponent under FRE 801(d)(2)(B). Having selected and broadcast those principles as the State's own legal position, Defendants are bound by them.

Judicial estoppel also applies. See New Hampshire v. Maine, 532 U.S. 742, 749 (2001) (preventing a party from prevailing on one position, then taking the opposite for tactical advantage). California cannot celebrate the Breyer maxim when it aids the State and then disclaim it when it binds the State.

By their adoption of the Breyer maxim and separation-of-powers refrain, Defendants have foreclosed defenses that this case might otherwise invite: (a) ignorance or mistake about constitutional allocations; (b) characterization as mere rhetoric; or (c) invocation of emergency or "imminent danger" to excuse ultra vires action. Defendants' own maxim is that "ignorance of the law is no excuse."

Against that backdrop, the record reflects official, post-act admissions and state action that cross multiple constitutional tripwires:

(a)   **Elections Clause-Art. 1,'§,4 (division of authority).** Each State controls its own congressional election rules; **only Congress** may impose national overrides. Rucho v. Common Cause, 139 S. Ct. 2484, 2506-07 (2019). California's Governor declared, **"we're giving voters a way to ... nullify congressional gains in Texas or any state"** (Ex. A, Aug. 14, 2025), and an Assembly leader stated, **"We must all continue to press Congress ... But until that occurs ... this measure."** (Ex. C, Aug. 2025). These are assertions to exercise Congress's dormant override and to supervise sister States' § 4 prerogatives.

(b)   **Supreme Court's Exclusive Original Jurisdiction-Art.** Ill, § **2; 28 U.S.C. § 1251(a).** The Governor framed Texas's redistricting as an injury to California: **"They shot the first bullet. They took an action in Texas and we're responding to it."** (Ex. B, Aug. 21, 2025). That is an interstate controversy reserved to the Supreme Court. California did not seek leave there, but instead self-helped.

(c)   **War Clause/Imminent Danger Framing-Art.** I, § **10, cl. 3.** The "shot the first bullet" formulation is the vocabulary of "imminent danger that will not admit of delay." No State may invoke that framing against a sister State's lawful § 4 act while bypassing the Supreme Court's original forum.

**Independently of preemption or intergovernmental-immunity, SB 627 invades Congress's capstone power** to "make all Laws which shall be necessary and proper for carrying into Execution ... all other Powers vested ... in any Department or Officer of the United States." U.S. Const. art. I, § 8, cl. 18. What the Constitution **delegates** to the United States is **not reserved** to the States. U.S. Const. amend. X. Because ICE sits within a federal Department and its agents are federal officers, only **Congress** may legislate the manner of their official duties and attire; California has **no concurrent** lawmaking authority in that field at all. SB 627's own official signing release confirms the target: it **"bans federal and local law enforcement, including ICE, from wearing ski masks and similar extreme masks,"** and **"requires officers to display their faces ... when** ... **conducting raids or engaging in other official duties."** (Ex. D, Sept. 20, 2025).

Additional tripwires include:

(d)    **Equal Footing, Comity, and Full Faith & Credit.** Treating a sister State's internal § 4 choices as an injury to California repudiates horizontal comity and the equal-footing doctrine that undergird Hans v. Louisiana, 134 U.S. 1 (1890); Alden v. Maine, 527 U.S. 706 (1999); Franchise Tax Bd. v. Hyatt, 139 S. Ct. 1485 (2019); Coyle v. Smith, 221 U.S. 559 (1911); Lessee of Pollard v. Hagan, 44 U.S. (3 How.)212 (1845).

(e)    **Rucho Baseline (Non-justiciability).** California claimed for itself the very power Rucho denies to any federal court-policing partisan gerrymandering nationwide-and did so outside the channels the Constitution provides.

(f)    **Texas v. Pennsylvania (standing).**  The Court rejected any judicially cognizable State interest in how another State conducts its elections. 592 U.S. _ (Dec. 11, 2020) (order). California nevertheless claimed Texas's internal maps **"will disenfranchise Californians"** (Ex. C) while declining to seek leave in the Supreme Court.

Acts taken without constitutional authority are **void ab initio.** Norton v. Shelby County, 118 U.S. 425, 442-:--43 (1886). The same conduct destroys the predicates of any claim to sovereign immunity in federal court-coequal dignity, equal footing, comity, and fidelity to Article Ill as referee-and warrants PERMANENT forfeiture of Eleventh Amendment immunity in the courts of the United States.

Any analysis sounding in **preemption or intergovernmental immunity** is, at best, an **alternative** ground. Those doctrines presuppose some state regulatory foothold. Here, Article I, § 8, cl. 18 forecloses **any** state foothold ab initio. SB 627 is therefore **ultra vires even before** one reaches intergovernmental-immunity or preemption.

Plaintiff proceeds, therefore, on California's chosen ground. The State's maxim-"ignorance of the law is no excuse"-strips away its defenses. The controversy the State admitted-a "fight" with Texas that it says **"will disenfranchise Californians"** (Ex. C)-strips away its jurisdiction. What remains is straightforward: ultra vires action, void ab initio, repeated in a pattern that warrants declaratory, injunctive, and permanent sovereign-immunity forfeiture relief commensurate with the structural violations pied.

(ECF No. 1 at 2-4) (internal paragraph numbering omitted).

The rest of Plaintiff's complaint is similar in tone to this "Preamble" section. Rather than set out clearly what facts support what claims, Plaintiff's complaint is a combination individual paragraphs containing quotes from Twitter accounts of various individuals, including President Donald Trump, interspersed with case law, various constitutional provisions, and argumentative and conclusory statements.

In conclusion, Plaintiff's Complaint is subject to dismissal for not containing a short and

plain statement of the claim as required by Rule 8.

## V.   CONCLUSION AND ORDER

The Court finds that Plaintiff's Complaint fails to state any cognizable claim because it fails to comply with the Federal Rule of Civil Procedure 8. The Court previously provided Plaintiff with applicable legal standards, explained why Plaintiff's complaint failed to state a claim, and gave Plaintiff leave to file an amended complaint, but Plaintiff chose to stand on his complaint.

Based on the foregoing, it is **RECOMMENDED** that:

1.      This action be dismissed for failure to state a claim; and

2.      The Clerk of Court be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

Any objections shall be limited to no more than fifteen (15) pages, including exhibits. Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (*citing Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 11, 2026**                    /s/ *Erin P. Groi*
                                              UNITED STATES MAGISTRATE JUDGE