UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

NBUMIBAMA MOONGA,

Plaintiff,

v.

STATE OF CALIFORNIA, *et al.*

Defendants.

No. 1:25-cv-01478-JLT-EPG

FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT UNDER FRCP 59(e) and FRCP 60(b) AND DENY PLAINTIFF'S REQUEST TO CONVENE A THREE-JUDGE DISTRICT COURT PANEL

(ECF No. 26 and 27)

## I. INTRODUCTION

Plaintiff Ndumibama Moonga ("Plaintiff") is proceeding *pro se* and *in forma pauperis*. (ECF No. 8). Plaintiff's complaint appears to concern certain California's laws concerning its Congressional Districts.

Plaintiff's case was closed on July 15, 2026, after the District Judge adopted the undersigned Findings and Recommendations and dismissed the action without leave to amend. (ECF No. 24).

Now before the Court are Plaintiff's Motion to Alter or Amend the Judgment and Leave to File a First Amended Complaint (ECF No. 26), and Plaintiff's Notice of Request for Convene a Three-Judge District Court (ECF No. 27).

In Plaintiff's Motion to Alter or Amend the Judgment (ECF No. 26), Plaintiff asks that his case be reopened so that he be allowed to file an amended complaint or, in the alternative, that the judgment be amended to reflect that dismissal was without prejudice. In Plaintiff's Notice of

Request for Convene a Three-Judge District Court, ECF No. 27), Plaintiff also asks this Court to convene a 3-judge panel to address the constitutionality of California's apportionment districts.

For the reasons set forth below, the Court recommends denying Plaintiff's motion to alter or amend the Judgment under FRCP 59(e) and 60(b). (ECF No 26). Furthermore, the Court recommends denying Plaintiff's request to convene a three-judge district court panel. (ECF No. 27).

## II. BACKGROUND

### a. Plaintiff's Complaint and Court's Screening Order

On November 2, 2025, Plaintiff filed the complaint commencing this action. (ECF No. 1). Plaintiff's complaint is 77 pages long and asserts 13 causes of action, including a violation of the Supremacy Clause, Article III "bypass," "usurpation of Congress's Dormant National Role," violations of sovereign immunity, and other claims. Plaintiff names six defendants, including the State of California, in addition to 10 Doe Defendants to be substituted later with their true identities.

Plaintiff's Complaint begins with an "Introduction/Preliminary Statement" section in which he claims:

> In August-September 2025, California's highest officials twice repudiated Article III adjudication and appropriated powers belonging to: (i) the Supreme Court (exclusive original forum for controversies "between two or more States"); (ii) Congress (Elections Clause standards); and (iii) Article III district courts/the federal executive (quasi-sovereign disputes). Simultaneously, they asserted oversight over all 49 sister States' Art. I, § 4 prerogatives-"nullify ... **in Texas or any state"** (Ex. A)-and enacted SB 627 to command federal and out of state law enforcement officers-""-in their official duties (Ex. D). (Exs. A-D.)
>
> These are admissions under FRE 801(d)(2) and direct evidence of official purpose under Village of Arlington Heights v. Metropolitan Hous. Dev. Corp., 429 U.S. 252, 267-68 (1977). With New Hampshire v. Maine estoppel and the Attorney General's adoptive admissions, Defendants are bound by these positions.
>
> Sovereign immunity in federal courts is a judicial courtesy grounded in coequal dignity, equal footing, and comity-not an unmoored shield. Hans; Alden; Hyatt; Coyle; Pollard.
>
> Because expulsion from the Union is off the table (Texas v. White, 74 U.S.

> (7 Wall.) 700 (1869)), the calibrated remedy is: (a) declare the measures **void ab initio** (Norton); (b) PERMANENT forfeiture of Eleventh Amendment immunity in the courts of the United States; (c) prophylactic Ex parte Young injunctions; and (d} declaratory allocation confirming the federal forums and powers (Rucho; Art. 111; 28 U.S.C. § 1251(a}-(b}}.

(ECF No. 1 at 4) (paragraph numbering omitted).

Plaintiff's complaint then continues with more than 372 numbered paragraphs. Plaintiff's complaint references case law, constitutional provisions, statutes, various rules, "doctrinal sources," and "authorities by issue." (*Id.* at 64-68).

The Court screened Plaintiff's complaint on February 27, 2026, and found that it failed to state any cognizable claims because it violated the Federal Rules of Civil Procedure including Rule 8(a) requiring "a short and plain statement of the claim showing that the pleader is entitled to relief." (ECF No. 20). Plaintiff was provided with applicable legal standards, an explanation as to why the complaint failed to state any cognizable claims, and the option to either file a first amended complaint or notify the Court in writing that he wanted to stand on his complaint. (*Id.* at 2, 7).

**b. Plaintiff's Response to Screening Order**

On March 23, 2026, Plaintiff filed his response to the screening order in the form of a 77-page single-spaced document entitled "Motion for Reconsideration of Screening Order; Notice that Plaintiff stands on Complaint; Request to Vacate or Modify the Twenty Page Amendment Limit." (ECF No. 21). In that filing, Plaintiff indicates he will stand on his complaint subject to the District Judge's review, rather than file an amended complaint.

Specifically, Plaintiff's response to the screening order states in its "prefatory note" that "Plaintiff also gives notice that he stands on the operative Complaint as filed on November 3, 2025. . . . This filing is not a First Amended Complaint. It does not supersede the Complaint." (ECF No. 21, at p. 1). Plaintiff's desire to file an amended complaint, Plaintiff's response also states: "Plaintiff notes at the outset that he does not object to amendment as such. What was and remains unacceptable is a twenty-page limit including exhibits imposed through an order whose ratio rests on two threshold failures—a provably false factual premise and the application of the

categorically wrong legal standards—without identification of any specific curable defect the limit is calibrated to cure." (*Id.* at 2).

**c. Findings and Recommendations to Dismiss**

On June 11, 2026, this Court issued Findings and Recommendations to the District Judge to Dismiss this Action for Failure to State a Claim. (ECF No. 22). Those Findings and Recommendations stated in part:

> The Court finds that Plaintiff's Complaint violates Rule 8(a) because the complaint does not contain a short and plain statement of the claim showing that Plaintiff is entitled to relief.
>
> Plaintiff's Complaint is over 75 pages long and contains numerous pages of definitions and legal arguments interspersed with factual allegations and conclusory statements. Plaintiff's allegations also improperly group all defendants together without making clear which individual defendants did the actions underlying Plaintiff's claims. Additionally, Plaintiff's complaint makes broad accusations that are at times difficult to comprehend.
>
> Moreover, Plaintiff's entire complaint is replete with statements and claims that are "argumentative, prolix, replete with redundancy, and largely irrelevant." *McHenry,* 94 F.3d at 1177.

The Court quoted multiple examples of these types of statements throughout Plaintiff's complaint, and then stated: "Rather than set out clearly what facts support what claims, Plaintiff's complaint is a combination individual paragraphs containing quotes from Twitter accounts of various individuals, including President Donald Trump, interspersed with case law, various constitutional provisions, and argumentative and conclusory statements." (ECF No. 22 at 6).

In the conclusion, the Court stated: "The Court finds that Plaintiff's Complaint fails to state any cognizable claim because it fails to comply with the Federal Rule of Civil Procedure 8. The Court previously provided Plaintiff with applicable legal standards, explained why Plaintiff's complaint failed to state a claim, and gave Plaintiff leave to file an amended complaint, but Plaintiff chose to stand on his complaint." (*Id.* at 7).

The Findings and Recommendations also explained that Plaintiff could file objections to the Findings and Recommendations within 30 days, but that "Any objections shall be limited to no more than fifteen (15) pages, including exhibits." (*Id.*).

**d. Plaintiff's Objections to Findings and Recommendations**

On July 2, 2026, Plaintiff filed a 54-page document entitled "Plaintiff's Objections to Findings and Recommendations; Request to Restore Full Objection Period Based on Delayed Mail Receipt; Request that the District Judge Resolve Plaintiff's Pending Local Rule 303(c)/Rule 72(a) Reconsideration Request Before Adopting Any Dismissal Recommendation." (ECF No. 23). In that filing, Plaintiff set forth in detail his objections to the Findings and Recommendations.

Plaintiff's objections specifically addressed the recommendation to deny leave to amend, stating that he "did not object to amendment on appropriate terms if the District Judge, after reviewing the Complaint as actually filed, identified specific curable defects with particularity and supplied a realistic page allocation calibrated to those defects." (*Id.* at 12). Plaintiff also offered to "reduce the case to a cleaner structural chain using ordinary judicial language: constitutional object classification, power identification, power-purpose fit, branch-specific State machinery, foreign-sovereign legal-stranger treatment, sovereign superiority, Vattel's cognizance, judgment, and obligation indicators, the benchmark relation condemned in *Franchise Tax Board of California v. Hyatt,* 587 U.S. 230 (2019) ("Hyatt III"), comparative structural aggravation, anomalous sovereign relations, and the enabling structure that allegedly made those relations possible." (*Id.*).

**e. Order Dismissing Case**

On July 15, 2026, the District Judge adopted the findings and recommendations to dismiss the action over Plaintiff's objections. (ECF Nos. 23, 24). The District Judge stated the following in the order adopting: "Having carefully reviewed the matter, including the lengthy objections and Plaintiff's March 23, 2026, motion for reconsideration (Doc. 21) referenced in the objections, the Court concludes the Findings and Recommendations are supported by the record and proper analysis." (ECF No. 24 at 2). The District Judge then ordered that "[t]he action is dismissed for failure to state a claim," and the Clerk of the Court be directed to close the case. (*Id.*).

**f. Motion to Alter or Amend the Judgment**

Plaintiff filed his 80-page motion seeking to alter or amend the judgment on July 27,

2026. (ECF No. 26).

Plaintiff's motion to alter or amend the judgment argues that there are new circumstances in the form of a submitted proposed First Amended Complaint justifying reopening his case. Plaintiff also argues that it was legal error to dismiss his case without leave to amend. Plaintiff argues that he offered to amend his claims before dismissal "if the District Judge . . . identified the curable defects with particularity." (*Id.* at 11).

Plaintiff also states that the Court improperly dismissed his case for failure to state a claim because it was grounded in Rule 8's requirement of a plain and clear statement, rather than the legal sufficiency of his claims. (*Id.* at 7). ("no allegation was accepted as true, no element was identified, and no count was measured against a governing standard.")

Plaintiff also argues that the District Court cannot find that amendment would be futile because the First Amended Complaint requests a ruling by a three-judge court to determine the constitutionality of the apportionment of congressional districts. (*Id.* at 8). Plaintiff also states that his claims cannot be futile because they propose a structural-federalism argument that "no court has yet adjudicated," and "a claim of first impression, candidly presented as such and grounded in controlling method, verbatim enacted text, and official public records, is the opposite of a futile amendment." (*Id.* at 10).

Plaintiff asks that, in the alternative, any dismissal be "designated without prejudice." (*Id.* at 11).

Plaintiff's motion includes a 52-page Proposed First Amended Complaint and Request for Three-Judge Court. (*Id.* at 23).

**g. Plaintiff's Notice of Request to Convene a Three-Judge District Court**

On July 27, 2026, Plaintiff also filed a "Notice of Request to Convene a Three-Judge District Court." (ECF No. 27). Plaintiff argues that he is entitled toa district court of three judges because he challenges the constitutionality of Congressional districts. Plaintiff argues that his claim falls under 28 U.S.C. § 2284(a), which states " A district court of three judges shall be convened when otherwise required by Act of Congress, or when an action is filed challenging the constitutionality of the apportionment of congressional districts or the apportionment of any

statewide legislative body."

## III. LEGAL STANDARDS

Plaintiff states that he is bringing his motion under Fdederal Rules of Civil Procedure 59(e), 60(b) and 15(a).

Rule 59(e) states that "A motion to amend a judgment must be filed no later than 28 days after entry of the judgment." F.R.C.P. 59(e). "Amendment or alteration is appropriate under Rule 59(e) if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *Zimmerman v. City of Oakland,* 255 F.3d 734, 740 (9th Cir. 2001).

Additionally, Rule 60(b) states that "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding," for six reasons including "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief from the operation of the judgment." *See* Fed.R.Civ.P. 60(b); *American Ironworks & Erectors, Inc. v. North American Const. Corp.,* 248 F.3d 892, 899 (9th Cir. 2001).

Finally, Rule 15(a) states that "A party may amend its pleading once as a matter of course no later than" twenty-one days after serving it, or twenty-one days after service of a responsive pleading. F.R.C.P. 15(a).

## IV. ANALYSIS

### a. Plaintiff's Request to Reopen the Case

Plaintiff's motion to alter or amend the judgment argues that his case should be reopened on the basis of newly discovered evidence in the form of his amended complaint, and legal error in not allowing him leave to amend before dismissal.

As for Plaintiff's first argument, Plaintiff's proposed amended complaint is not newly discovered evidence under Rule 59(e) —it is a pleading setting forth Plaintiff's legal theory. *HT-Seattle Owner, LLC v. American Guarantee and Liability Insurance Company,* (W.D. Wash., Oct.

7, 2021, No. 2:21-CV-00048-BJR) 2021 WL 4636924, at *2, aff'd (9th Cir., May 19, 2023, No. 21-35916) 2023 WL 3562996 ("What Plaintiff has described in its briefs and proposed amended complaint does not qualify as newly discovered evidence under the demanding standard of Rule 59(e). . . . Plaintiff cannot use Rule 59(e) to refashion existing allegations under the guise of 'newly discovered evidence.'"); *citing In re Netflix, Inc. Secs. Litig.*, 647 F. App'x 813, 817 (9th Cir. 2016) (affirming denial of motion to amend judgment and complaint where plaintiff's new evidence merely "clarify[ied] the legal theory, streamline[d] the complaint, and add[ed] additional textual context").

Plaintiff also argues that it was clear legal error to dismissal his complaint without leave to amend. "A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies in the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), *superseded on other grounds by statute*, as recognized in *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) (*en banc*). Further, when it dismisses the complaint of a pro se litigant with leave to amend, "the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." *Id.* (quoting *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)).

Here, Plaintiff was given leave to amend his complaint in the undersigned's first screening order. That order provided Plaintiff with notice of the deficiencies in his complaint and gave Plaintiff the option to either file an amended complaint limited to 20 pages or stand on his complaint. (ECF No. 20 at 1-2) ("After Plaintiff reviews this order, Plaintiff can decide to file an amended complaint, which the Court will screen in due course."). However, rather than file an amended complaint, Plaintiff chose to stand on his complaint. (ECF No. 21) ("Plaintiff also gives notice that he stands on the operative Complaint as filed on November 3, 2025. . . . This filing is not a First Amended Complaint. It does not supersede the Complaint.") (*Id.* at 1).

Plaintiff also had the opportunity to file objections to the Findings and Recommendations, which again identified the deficiencies in his complaint and recommended dismissal without further leave to amend. In those objections, Plaintiff could have included an amended complaint

or explained how he could cure the defects through amendment. However, in Plaintiff's objections, which were 34-pages longer than the page allowance, Plaintiff only offered to file an amended complaint if the Court "identified specific curable defects with particularity and supplied a realistic page allocation calibrated to those defects." (ECF No. 23 at 12). Nor did Plaintiff indicate in his objections that he intended to cure the defects in an amended complaint. On the contrary, Plaintiff stated that he could amend his complaint to "reduce the case to a cleaner structural chain using ordinary judicial language: constitutional object classification, power identification, power-purpose fit, branch-specific State machinery, foreign-sovereign legal-stranger treatment, sovereign superiority, Vattel's cognizance, judgment, and obligation indicators, the benchmark relation condemned in *Franchise Tax Board of California v. Hyatt,* 587 U.S. 230 (2019) ("Hyatt III"), comparative structural aggravation, anomalous sovereign relations, and the enabling structure that allegedly made those relations possible." (*Id.*). This summary of his proposed amendment does not indicate that Plaintiff intended to amend his complaint to provide a plain and short statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2).

In his motion to alter or amend the judgment, Plaintiff argues that it was nevertheless error to deny him leave to amend because, in addition to standing on his complaint, he offered to amend his complaint on certain conditions. Specifically, Plaintiff's response to the screening order offered to file an amended complaint if (1) the amendment could be longer than 20 pages, and (2) the "identif[ied] the specific curable defect or defects with particularity before imposing any page limitation." (ECF No. 21). However, the Court had already set forth the reasoning for its dismissal and was not required to further identify "specific curable defect or defects with particularity," before dismissal.

In any event, Plaintiff's proposed amended complaint, submitted with his motion to alter or amend the judgment, does not cure the defects identified in the Court's orders. It is 52 pages long and is largely argumentative in nature. For example, Plaintiff's proposed amended complaint begins: "This a structural-federalism action under the Constitution of the United States. It presents a question of first impression: whether a State's concededly real powers may be

construed into unilateral cognizance, judgment, counteraction, command, and penalty directed at the internal sovereign acts and instrumentalities of sister States and the United States a such, without consent or a channel assigned by the constitutional plan." (ECF No. 26 at 29). Plaintiff's "table of authorities" for his proposed first amended complaint cites to 47 cases, 8 constitutional provisions, 11 statues, and 4 "other authorities" including a transcript of an oral argument. (*Id.* at 27). It includes a 7-page "operative glossary and judicial translations," including the following: "Q0—Constitutional object classification. Attribution: Plaintiff analytical shorthand. Judicial translation: Who is acting? Through what machinery? Upon what object? What is the constitutional classification of that object? This is the threshold question that controls whether subsequent power analysis is even reached. . . . ." (*Id.* at 36). The Counts themselves are ten pages long and do not clearly identify the legal basis for the claim. *See, e.g.*, *Id.* at69 ("COUNT TWO—SB 627: PLAN OF THE CONVENTION; ANOMALOUS HORIZONTAL AND VERTICAL RELATIONS (>H AND >>H).

As the Court previously explained:

> Rule 8 of the Federal Rules of Civil Procedure requires complaints to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The rule also provides that "[e]ach allegation must be simple, concise, and direct." *Id.* at 8(d)(1). Additionally, complaints that are needlessly long, highly repetitious, or conclusory violate Rule 8 and may be dismissed. *Gibson v. City of Portland,* 165 F.4th 1265, 1289 (9th Cir. 2026) ("district courts do not have to accept such shotgun pleadings. It is not the job of the district courts to make sense of the pleading, to supply facts to support the claim, or to imagine the claims that might fit the facts"); *Cafasso v. Gen. Dynamics C4 Sys, Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (*citing McHenry v. Renne*, 84 F.3d 1172, 1177-80 (9th Cir. 1996) (upholding a Rule 8(a) dismissal of a complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"); *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 415 (9th Cir. 1985) (upholding a Rule 8(a) dismissal of a complaint that "exceeded 70 pages in length, [and was] confusing and conclusory")).

(ECF No. 22 at 3-4).

Like Plaintiff's original complaint, Plaintiff's proposed amended complaint does not comply with Rule 8 because it does not include a short and plain statement of the claim showing that the pleader is entitled to relief.

It was thus not clear legal error or manifest injustice to dismiss Plaintiff's case without further leave to amend.

**b. Plaintiff's Alternative Request to Alter the Judgment**

The Court next turns to Plaintiff's arguments in the alternative that dismissal wrongly stated it was for "failure to state a claim," and should have stated that it was "without prejudice." Plaintiff argues that the order for dismissal for failure to state a claim under Rule 8 cannot sustain such a dismissal because a "dismissal for failure to state a claim tests legal sufficiency: it accepts the complaint's factual allegations as true and ask whether they state a plausible claim for relief." Plaintiff continues that the findings and recommendations did not perform such an analysis. (ECF No. 26 at 7).

The Ninth Circuit provided guidance regarding when violations of Rule 8's pleading requirement warrant dismissal for failure to state a claim in *Knapp v. Hogan* 738 F.3d 1106, 1108–1109 (9th Cir. 2013). In evaluating whether previous dismissals for Rule 8 counted as "strikes" in the context of the Prison Litigation Reform Act, the Court stated:

> We hold that repeated and knowing violations of Federal Rule of Civil Procedure 8(a)'s "short and plain statement" requirement are strikes as "fail[ures] to state a claim," 28 U.S.C. § 1915(g), when the opportunity to correct the pleadings has been afforded and there has been no modification within a reasonable time. . . .
>
> The three district court dismissals are also strikes. In each case, Knapp filed complaints that violated Rule 8(a)'s "short and plain statement" requirement, was given leave to amend, but nevertheless failed to correct the violation after repeated warnings by the district court. We hold that dismissals following the *repeated* violation of Rule 8(a)'s "short and plain statement" requirement, following leave to amend, are dismissals for failure to state a claim under § 1915(g). While past cases have found that this type of strike is accrued by a Rule 12(b)(6) dismissal, they do not hold that this is the only possible way. *See Moore v. Maricopa Cnty. Sheriff's Office,* 657 F.3d 890, 893 (9th Cir.2011) (citing cases). We find the reasoning of the Seventh Circuit to be persuasive: after an incomprehensible complaint is dismissed under Rule 8 and the plaintiff is given, but fails, to take advantage of the leave to amend, "the judge [is] left with [ ] a complaint that, being irremediably unintelligible, [gives] rise to an inference that the plaintiff could not state a claim." *See Paul v. Marberry,* 658 F.3d 702, 705 (7th Cir.2011). When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.

*Id.* at 1108–1109.

Here, the undersigned screening order gave Plaintiff legal guidance regarding Rule 8's requirements and an opportunity to file an amended complaint that complied with Rule 8's requirement and was limited to 20-pages. Plaintiff did not file an amended complaint. Instead, he filed a 77-page response to the Court's screening order.

The undersigned then issued Findings and Recommendations again providing the requirements of Rule 8 and recommending that the complaint be dismissed without further leave to amend for failure to state a claim because Plaintiff failed to comply with Rule 8. The Court gave Plaintiff an opportunity to file objections to the Findings and Recommendations, and specified that "Any objections shall be limited to no more than fifteen (15) pages, including exhibits." (ECF No. 22, at p. 7).

Plaintiff then filed 54-pages of objections to the Findings and Recommendations. (ECF No. 23). Rather than file an amended complaint that complied with Rule 8 or describe how he could do so, Plaintiff explained that he was unable to file an amended complaint within a 20 pages limitation because "the cap was arbitrary and disproportionate because an amended complaint would . . . force abandonment of substantial case theory. . . . This case involves multiple challenged enactments, official-capacity admission, structural standing . . . voluntary-cessation doctrine . . . judicial estoppel . . purpose evidence . . . and a *Hyatt* III structural federalism theory." (ECF No. 23, at p. 43).

Thus, applying *Knapp*'s guidance, the Court recommends denying Plaintiff's motion to amend the judgment because dismissal for failure to state a claim was appropriate. Here, Plaintiff was given multiple explanations of the deficiency in his complaint and opportunities to file an amended complaint before dismissal. Not only did he fail to do so, he explained why he could not state his claim in a short and plain manner.

Moreover, Plaintiff's filings throughout the case demonstrated a failure to abide by court rules especially regarding the length of his filings. His complaint was 77 pages long. (ECF No. 1). His response to the Court's screening order was also 77-pages long. (ECF No. 21). His objections to the Findings and Recommendations were 54-pages long, substantially longer than the 15 pages allowed for such objections. (ECF No. 23). Plaintiff's repeated voluminous and

verbose filings further indicated that Plaintiff was unable to state his claim in a short and plain manner compliant with Rule 8. *See Knapp v. Hogan,* 738 F.3d 1106, 1108–1109 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim."); *Paul v. Marberry,* 658 F.3d 702, 705 (7th Cir. 2011) ("Having been given that chance, however, and having failed to take it, the plaintiff should in each of the three cases have been shut down, his suit dismissed for failure to state a claim; for in each case all the judge was left with was a complaint that, being irremediably unintelligible, gave rise to an inference that the plaintiff could not state a claim."); *McHenry v. Renne,* 84 F.3d 1172, 1179 (9th Cir. 1996) (affirming dismissal with prejudice based on failure to comply with Rule 8, stating in part "[t]he burden imposed by plaintiffs on defendants in related litigation was appropriately considered by the district court. The district court noted that plaintiffs had filed a 108 page complaint and alleged 80 causes of action in a case against the City in state court, *McHenry v. Agnos,* San Francisco Superior Court Case No. 941976, and a 66 page Fourth Amended complaint in another related state case").

Additionally, Plaintiff seeks clarification if dismissal was with or without prejudice. (ECF No. 26, at p. 20-21) ("if the Court concludes that the judgment should remain in place or that leave should be denied in whole or in part, Plaintiff respectfully requests that the Court amend the judgment to identify the intended disposition expressly: whether the dismissal is with or without prejudice.").

Federal Rules of Civil Procedure 41(b) explains that an involuntary dismissal by court order operates as an adjudication on the merits, i.e., with prejudice. Fed. Rules Civ. Proc., Rule 41(b) ("Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits."). Thus, the Court's order dismissing Plaintiff's case for failure to state a claim should be considered "with prejudice."

While Plaintiff again argues that dismissal did not address the underlying merits of the claim, the Ninth Circuit has held the dismissal with prejudice is appropriate under similar circumstances. *See McHenry v. Renne,* 84 F.3d 1172, 1179–80 (9th Cir. 1996) (affirming

dismissal with prejudice under Rule 8, in part because "[p]rolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants and judges"); *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 673 (9th Cir. 1981) (affirming Rule 41(b) dismissal with prejudice of amended complaint that was filed late and did not comply with a prior court order concerning Rule 8).

The Court thus recommends declining to alter the judgment.

**c. Request for 3-judge panel**

Finally, Plaintiff argues that his third claim implicates 28 U.S.C § 2284, which provides

> (a) A district court of three judges shall be convened when otherwise required by Act of Congress, or when an action is filed challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body.

28 U.S.C. § 2284.

The Court should deny Plaintiff's motion.

To begin with, Plaintiff did not request a three-judge panel, nor did he mention 28 U.S.C. § 2284 in his initial complaint or before closing his case. (*See* ECF No. 1). Moreover, Plaintiff has failed to set forth any claim that satisfied Rule 8, not to mention one that falls under Section 2284.

Nor is it clear that Plaintiff has alleged that California's redistricting is indeed unconstitutional. Indeed, Plaintiff states in his motion to convene a three-judge panel:

> Plaintiff's theory is structural: he alleges that the constitutional-amendment and election machinery producing the map was construed into a forbidden sovereign relation against a sister State's internal legislative act. Plaintiff expressly disclaims any partisan-gerrymandering theory…Plaintiff does not attack district lines through a Voting Rights Act vote-dilution theory, a one-person-one-vote theory, or a state-law theory…he alleges that the constitutional-amendment machinery authorizing the map was void, so that the map lacks lawful authorization.

(ECF No. 27 at 3-4). Plaintiff has not made a sufficiently substantial allegation that California's redistricting is unconstitutional to warrant a 3-judge court. *See Goosby v. Osser*, 409 U.S. 512, 518 (1973) (holding that 28 U.S.C. § 2284 "does not require the convening of a three-judge court when the constitutional attack upon the state statutes is insubstantial").

## V. CONCLUSION AND RECOMMENDATION

Based on foregoing, the Court HEREBY RECOMMENDS

1. Plaintiff's request to amend or alter the judgment (ECF No. 26) be DENIED.
2. Plaintiff's Request to Convene a Three District Judge Panel (ECF No. 27) be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections.** The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 11, 2026**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE